An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DONN RICHARD MOORE,
Appellant,
vs.
JACK PALMER, WARDEN,
Respondent.

No. 65923

**FILED**

DEC 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Donn Richard Moore's post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Appellant contends that the district court erred by denying his petition, which included claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant contends that the district court erred by denying his claim that counsel was ineffective for failing to object to the

SUPREME COURT
OF
NEVADA

(O) 1947A

1440304

sentencing court's reliance on suspect evidence. We disagree. The same district court judge who sentenced appellant considered this claim and determined that her offhand remark that appellant might "be out in seven and a half or eight years," made after sentence was imposed, was a mere misstatement rather than suspect evidence. The record supports this determination, and we conclude that the district court did not err by denying this claim.

Second, appellant contends that the district court erred by denying his claim that counsel was ineffective for failing to present mitigating evidence regarding his mental health issues. The district court conducted an evidentiary hearing, wherein counsel testified that appellant never informed her he had mental health issues. The district court found that counsel's testimony was credible and concluded that counsel was not deficient. The district court also concluded that appellant was not prejudiced because the newly offered mitigation was equally as damaging as it was helpful and conflicted with counsel's strategic choice of presenting appellant as an addict who was successfully addressing his addiction. Moreover, the district court noted that it would not have sentenced appellant differently had counsel presented additional mitigation. We conclude that the district court did not err by denying this claim.

Third, appellant contends that the district court erred by denying his claim that counsel was ineffective for suggesting that he would not be adjudicated a habitual offender. Appellant also contends that the district court erred by denying his claim that his plea was invalid because of counsel's suggestion. The district court denied these claims because it found that appellant's testimony in this regard was not credible.

Moreover, appellant acknowledged in his guilty plea agreement and during the plea canvass that sentencing was up to the court and stated that he had not been promised a particular sentence. *See Crawford v. State*, 117 Nev. 718, 722, 30 P.3d 1123, 1126 (2001) ("A thorough plea canvass coupled with a detailed, consistent, written plea agreement supports a finding that the defendant entered the plea voluntarily, knowingly, and intelligently."). We conclude that the district court did not err by denying this claim.

Fourth, appellant contends that the district court erred by denying his claim that appellate counsel was ineffective for failing to argue that the sentence was excessive and unreasonable. Appellant failed to demonstrate that this argument had a reasonable probability of success on appeal, and we therefore conclude that the district court did not err by denying this claim. *See Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113-14 (1996).

Having considered appellant's contentions and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.        _____, J.
Pickering                                Saitta

cc:    Hon. Janet J. Berry, District Judge
       Karla K. Butko
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A